DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Vincent Price appeals the judgment of the Wayne County Court of Common Pleas denying his motion for acquittal on the charge of aggravated murder. This Court declines to address his argument, however, because it has been rendered moot by the jury's not guilty verdict.
Price was indicted for the death of Terry Butdorf on one count of aggravated murder, one count of murder, one count of kidnapping, one count of aggravated robbery, one count of aggravated burglary, and one count of grand theft. Each count carried a firearm specification. Price pleaded not guilty, and the case was tried to a jury.
The jury found Price not guilty of aggravated murder, and guilty of complicity to commit murder, complicity to commit kidnapping, complicity to commit aggravated robbery, complicity to commit aggravated burglary, and complicity to commit grand theft, as well as firearm specifications to each. Price was sentenced accordingly, and now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRAIL [sic] COURT ERRED IN OVERRULING DEFENDANT-APPELLANT'S MOTION FOR ACQUITTAL ON THE CHARGE OF AGGRAVATED MURDER.
In his sole assignment of error, Price charges that the trial court erred in denying his motion for acquittal on the aggravated murder charge. Price asserts that the jury's not guilty "verdict should not render the issue moot or harmless error" because the "aggravated murder charge impacted the trail [sic] strategy of the defense, and most likely the deliberations of the jury as to the remaining charges[,]" thereby denying Price "his opportunity for a fair trial." This Court disagrees.
The jury's not guilty verdict on the aggravated murder charge renders the Crim.R. 29 motion on that charge moot. Accordingly, we reject the argument that the trial judge improperly overruled the Crim.R. 29 motion. See State v. Williams (1996), 74 Ohio St.3d 569, 576 (holding that the challenge to the Crim.R. 29 motion on the charge of rape was moot because the defendant was acquitted of rape).
In State v. Osborne (Oct. 26, 1987), Butler App. No. CA86-03-039, unreported, the Twelfth District Court addressed arguments similar to those presented in the instant appeal. Osborne contested the trial court's denial of his directed verdict motion on the aggravated burglary specification. The Twelfth District held that the jury's not guilty verdict on the aggravated burglary specification rendered Osborne's argument moot. The court explained:
 The jury's not guilty verdict on the aggravated burglary specification renders this question moot at this point. Indeed, were we to now confront this directed verdict issue we would be issuing an opinion concerning a matter which is no longer in controversy due to the jury's decision. We decline to issue such an advisory opinion.
Finally, we reject appellant's contention that overruling his Crim.R. 29 motion and thereby allowing the jury to consider the aggravated burglary specification, provided the jurors with a way to reach a compromise verdict — acquit on the aggravated burglary, and thereby save appellant's life, but reject the insanity plea. This argument is founded upon pure and unsubstantiated speculation and is certainly not demonstrated by the record[.]
Likewise, Price's blank assertion that he was denied a fair trial is unfounded. We agree that were we now to confront the issue of Price's motion for a directed verdict, we would be improperly issuing an advisory opinion. Accordingly, we disregard Price's sole assignment of error as moot, pursuant to App.R. 12(A).
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BATCHELDER, P. J., SLABY, J., CONCUR.